# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIKE F. ENSIGN,**

        **Plaintiff,**

**-vs-**                          **Case No. 6:11-cv-1910-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability benefits under the Social Security Act. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and REMANDED** for additional proceedings, as set forth herein.

## Procedural History

Plaintiff protectively filed an application for disability insurance benefits (R. 152-155). The claim was denied initially and upon reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ"). An unfavorable decision was issued on March 10, 2010 (R. 27-37), and the Appeals Council declined review, making the decision of the ALJ the final decision of the Commissioner. Plaintiff filed his complaint in this Court (Doc. 1) and the parties consented to the jurisdiction of the undersigned United States Magistrate Judge. The case is now ripe for review. *See* 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff alleges disability since March 1, 2006,[1] due to constant pain in his body, osteoarthritis, neck and knee pain, swelling, and muscle spasms (R. 75, 78-82, 95, 191).

*Summary of Evidence Before the ALJ*

Plaintiff was 50 years old at the time of the hearing (R. 149, 175), with an 11th grade education (R. 196) and past relevant work experience as a Fire Brick Laborer and a Truck Driver (R. 182). Plaintiff's past relevant employment involved years of work described by the Vocational Expert as requiring medium to very heavy exertion (R. 95-96).

Some of Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: rheumatoid arthritis, osteoarthritis, and muscle spasms (R. 32), and the record supports this uncontested finding. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, and found that Plaintiff had the residual functional capacity ("RFC") to perform light work, "except he should never climb ladders, ropes, or scaffolds; occasional stooping and crouching; no more than frequent fingering; avoid concentrated exposure to extreme cold, heat, dampness, and hazards, such as heights and machinery" (R. 34). The ALJ found that Plaintiff could not return to his past relevant work (R. 35), but relied on vocational testimony and the Medical Vocational Guidelines ("grids"), 20 C.F.R.

---

[1] Plaintiff originally alleged an onset date of October 2, 2003 (R. 149). The onset date was amended to March 1, 2006 (R. 175), although the ALJ did not note the amended onset date in her decision. The date last insured was September 30, 2007 (R. 179).

pt. 404, subpt. P, app. 2, to conclude that Plaintiff could perform other jobs existing in significant numbers in the national economy and was, therefore, not disabled (R. 35-6).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff asserts that the RFC finding is not based on substantial evidence, noting, among other things, that the ALJ did not consider the notes of Dr. Rajan Sareen, a consultative physician who examined Plaintiff during the time period at issue.

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1986). The Eleventh Circuit stated that " '[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.' " *Winschel*, 631 F.3d at 1178–79 (*quoting Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir.1981)).

Here, the medical evidence is sparse, but it is remarkably consistent as to subjective complaints of pain and limitation accompanied by objective findings of swelling, limited range of motion, tenderness and/or muscle spasms. While the ALJ summarized some of these treatment notes in her decision, she did not evaluate or weigh any of these findings, which appear to be inconsistent with her own RFC finding that Plaintiff is capable of light work.[2] This, alone, appears to violate the requirements of *Winschel*.

As for the opinion of Dr. Sareen, the record reflects that on September 19, 2006, Plaintiff presented for an examination at the request of the state agency (R. 176-77). Plaintiff reported that he must elevate his legs because his knees and ankles pop all the time and swell up. He reported the need to use crutches occasionally, and complained of falling down stairs. Plaintiff spoke of difficulty

---

[2]For example, Plaintiff underwent an internal medicine consultative examination performed by Dr. Ashley Maru on July 12, 2008 (R. 342-351). On examination, Plaintiff's range of motion in the upper extremities, lower extremities, and back were within normal limits. Nonetheless, the consultant found "significant spasticity" in Plaintiff's muscles "throughout the exam," a finding deemed "somewhat concerning and unusual." (R. 345). Dr. Maru concluded that "the objective medical findings described above do support a fairly significant limitation *even given that no known diagnosis exists." Id.* (emphasis added). The ALJ noted this finding, but did not weigh this opinion. Indeed, the ALJ appeared to credit only the opinion of a non-examining state agency consultant: "In sum, the above residual functional capacity assessment is supported by the State Agency's residual functional capacity assessment (Exhibit 13F)." (R. 35).

walking and standing, and complained of insomnia. On examination, Plaintiff had tenderness in both knees with range of motion decreased in the left knee and back (R 176). A Straight Leg Raise test was 45 degrees bilaterally and his gait was observed to be slow with limp. He was unable to Heel & Toe walk (R 177). Impression was "1. Back pain and multiple joint pain secondary to OA (Osteoarthritis) 2. [Bilateral] knee/ankle pain/swelling 3. [History of] Gout 4. Insomnia 5. Nausea/feverish ? gastritis. 6. Smoker" (R 176). Dr. Sareen commented that Plaintiff's back pain and multiple joint pain "is secondary to OA", noting that the range of motion exam was unremarkable, except for LS spine. He also noted that Plaintiff uses crutches intermittently but can walk without them. *Id.* The bilateral knee and ankle pain with swelling was also noted to be secondary to myalgias and osteoarthritis, and "ROM is unremarkable. He also has a Hx of Gout." *Id.* Clearly, this examination provides symptoms, diagnoses, and restrictions (uses crutches intermittently, but can walk without them), and, as such, is an opinion that should have been considered and weighed by the ALJ.

The Commissioner acknowledges that "the ALJ did not discuss Dr. Sareen's examination notes in his decision," but claims this is harmless error, in that the ALJ "is not required to specifically address every statement or finding in the record" and Plaintiff "failed to show that he was prejudiced due to a lack of a discussion of Dr. Sareen's September 2006 examination notes" (Doc. 14, pp. 7-8). Not only does such a contention violate *Winschel*, but failure to consider all of the medical evidence has implications for the ALJ's conclusions regarding the credibility of Plaintiff's allegations of pain and limitations.

The basis of Plaintiff's alleged disability is pain and limitations arising from what appears to be a reactive arthritic process. When a claimant attempts to establish disability through his or her own testimony of subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms

-5-

the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If proof of a disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote, supra*, 67 F.3d at 1562 (quotation omitted). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.

Applied here, the ALJ determined: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are partially credible." (R. 34-35). The ALJ did not explain which allegations were or were not credited, and why. This, alone, warrants remand, as the credibility determination was not made in accordance with proper legal standards. In addition, to the extent Dr. Sareen's examination notes confirm back pain, knee tenderness, bilateral ankle swelling and Plaintiff's difficulties with his gait, these are findings which support Plaintiff's allegations of limitation and are inconsistent with an ability to perform light work.[3] The failure to consider and weigh the findings of all of the providers and consultative examiners prohibits the Court from determining whether a credibility finding is supported by substantial evidence.[4]

---

[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. 20 C.F.R. 404.1567(b). Although the RFC here is for a limited range of such work, the standing and sitting requirements are unchanged.

[4] Indeed, cases have noted that the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988). If the Court accepts Plaintiff's allegations as true, the ultimate RFC is not supported by substantial evidence.

As remand is required to properly evaluate all of the medical opinions, the ALJ should look again at the totality of the combined effects of Plaintiff's impairments in evaluating his complaints of pain.[5]

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and was not made in accordance with proper legal standards. As the administrative decision was not made in accordance with proper legal standards, it is **REVERSED and the matter is REMANDED** under sentence four of 42 U.S.C. § 405(g), with instructions to fully evaluate, consider and explain the weight given to each of the medical opinions; more fully evaluate the complaints of pain; and conduct any additional proceedings deemed appropriate. **The Clerk is directed to enter judgment accordingly, and close the file.**

**DONE** and **ORDERED** in Orlando, Florida on December 18, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[5] In remanding this matter, the Court is not directing a finding of disability. Such a conclusion is for the Commissioner to determine, after an appropriate and full review of the evidence.